J-S01028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC KENNETH JONES | : | |
| | : | |
| Appellant | : | No. 762 MDA 2018 |

Appeal from the PCRA Order May 1, 2018
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0001409-2008

BEFORE:  PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 19, 2019**

Eric Kenneth Jones (Appellant) appeals *pro se* from the order which dismissed his petition for writ of *habeas corpus* as a petition ineligible for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm, albeit on a different basis than the trial court.[1]

A prior panel of this Court summarized the factual and procedural history of this case as follows:

> Appellant was convicted of rape in 1990.[2]  As a result, in 1995, Appellant became subject to the lifetime registration requirements of Megan's Law, 42 Pa.C.S.A. § 9795.1(b)(2).   Appellant was

---

[1] It is well settled that an appellate court is not bound by the rationale of the trial court, and may affirm on any basis.  ***See In re Jacobs***, 15 A.3d 509, 509 n.1 (Pa. Super. 2011) (citing ***Ross v. Foremost Insurance Co.,*** 998 A.2d 648, 656, n.7 (Pa. Super. 2010)).

[2] Appellant was convicted of rape in the Dauphin County Court of Common Pleas.

*Retired Senior Judge assigned to the Superior Court.

released in 2002. In early 2008, Appellant was incarcerated on another charge. While in prison, he was informed of his duty to register with the state police upon release. On April 29, 2008, Appellant was bailed out of prison. The next day, Appellant obtained a driver's license listing his address as his girlfriend's residence . . . in New Cumberland. On May 10, 2008, Appellant's neighbor informed police that Appellant had been living at [his girlfriend's residence]. She also indicated her belief that Appellant had not registered this new address under Megan's Law. Shortly thereafter, police confirmed his failure to register. Appellant was arrested on May 12, 2008.

Appellant was charged and convicted of Failure to Comply with Registration of Sexual Offenders Requirements, 18 Pa.C.S.A. § 4915(a)(1). Because Appellant had previously been convicted of a similar offense, the instant offense was graded as a first-degree felony. 18 Pa.C.S.A. § 4915(c)(3). On December 23, 2008, Appellant was sentenced to a prison term of 40 to 80 months, which is within the standard range of the sentencing guidelines. Appellant did not file a post-sentence motion.

*Commonwealth v. Jones*, 80 MDA 2009, at *1-2 (Pa. Super. Nov. 4, 2009) (unpublished memorandum) (footnotes omitted). Appellant filed a direct appeal with this Court, and we affirmed his judgment of sentence on November 4, 2009. While Appellant's direct appeal was pending, on July 13, 2009, Appellant was convicted of indecent assault by forcible compulsion for an incident in Dauphin County, and sentenced to 25 to 50 years of incarceration. Although it is not clear from the record, it appears that Appellant's sentences were ordered to run concurrently.

On February 13, 2015, Appellant filed a *pro se* petition for writ of *habeas corpus* challenging his registration requirements under the Sexual Offender Registration and Notification Act (SORNA). In particular, Appellant argued that he should be exempt from SORNA's registration provisions because he

was convicted of rape prior to the existence of any sexual offender law. Although Appellant's challenge related back to his rape conviction in Dauphin County, Appellant filed his writ of *habeas corpus* in Cumberland County under the docket for his failure to register conviction. The trial court appointed counsel for Appellant and scheduled a hearing.[3] Following the hearing, the court denied the motion, concluding that Cumberland County's jurisdiction "was problematic at best," because Appellant's lifetime registration requirement did not arise from a conviction in Cumberland County. Opinion and Order of Court, 7/14/15, at 10.

> Following the court's denial of Appellant's writ for *habeas corpus*:
>
> our Supreme Court issued **Commonwealth v. Muniz**, [ ] 164 A.3d 1189 ([Pa.] 2017) (OAJC), which held that SORNA constituted criminal punishment and therefore could not be retroactively applied. We have held that **Muniz** announced a new substantive rule of law that applies retroactively in a timely

---

[3] At the time Appellant filed his petition for writ of *habeas corpus*, the law of our Commonwealth was split as to whether Appellant's claim – challenging the collateral consequences of his conviction, *i.e.*, his registration requirement – was cognizable under the PCRA. **Compare Commonwealth v. Masker**, 34 A.3d 841, 842 (Pa. Super. 2011) (holding that a challenge to the classification of a sexually violent predator did not fall within the ambit of the PCRA and that "other forms of post-conviction relief exist"), **with Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013) (holding that "Appellant's writ of *habeas corpus* should be treated as a PCRA petition" because "[i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief"). Recently, however, our Commonwealth clarified that Appellant's challenge is cognizable under the PCRA. **See Commonwealth v. Johnson**, -- A.3d ---, 2018 WL 6442321 (Pa. Super. 2018) (concluding that "the PCRA clearly offers a remedy for the requested relief, *i.e.*, the retroactive application of **Muniz**[.]"). Nevertheless, the trial court appointed counsel for Appellant and held a hearing. Thus, Appellant received the benefits to which he was entitled under the PCRA.

> [PCRA] petition. *See Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super 2017) ("[T]he recent holding in *Muniz* created a substantive rule that retroactively applies in the collateral context, because SORNA punishes a class of defendants due to their status as sex offenders and creates a significant risk of punishment that the law cannot impose."). However, we have also held that *Muniz* does not qualify as an exception to the PCRA's one-year time bar. *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018). Therefore, *Muniz* applies retroactively on collateral review only to those persons who could raise the issue in a timely PCRA petition.

*Commonwealth v. Johnson*, -- A.3d ---, 2018 WL 6442321, at *2 (Pa. Super. 2018)

Appellant filed the underlying *pro se* petition for writ of *habeas corpus* on February 5, 2018. In his petition, Appellant again sought an order declaring him exempt from SORNA's registration requirements. The PCRA court recognized that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment," and properly treated Appellant's petition as being filed under the PCRA. *See Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007); *see also Johnson*, 2018 WL 6442321, at *3. On April 3 and 30, 2018, the PCRA court held a hearing on Appellant's petition. At the hearing, the Commonwealth argued that Appellant's PCRA petition was untimely. Because our Supreme Court and this Court construe the time-bar as jurisdictional, the Commonwealth asserted that the PCRA court lacked jurisdiction to reach the merits of Appellant's claim. On May 1, 2018, the PCRA court dismissed Appellant's petition, concluding that Appellant was ineligible for relief under the PCRA because he was no longer "serving a sentence of imprisonment,

- 4 -

probation or parole for the crime." ***See*** PCRA Court Opinion, 5/1/18, at 4;

***see also*** 42 Pa.C.S.A. § 9543(a)(1)(i). This appeal followed. Both Appellant

and the PCRA court have complied with Pennsylvania Rule of Appellate

Procedure 1925.

On appeal, Appellant raises the following issues for our review:

1. Whether the court committed error by deciding the sentence of 40 to 80 months expired, when it's clearly active[?]

2. Whether the court committed an error by not accepting Appellant's status sheet, showing the sentences are active and concurrent, which the court agreed [is] concurrent when the Dauphin County court did not indicate his sentence of 25 to 50 year sentence was to run consecutive to the 40 to 80 month sentence[?]

3. Whether the court committed error by not pointing out that 2034 – 2059 is a calculation of only [a] 25 to 50 year sentence, showing that a 40 to 80 month sentence is impossible to have expired several years ago[?]

Appellant's Brief at 4.

Before we reach the merits of Appellant's claims, we recognize that

"Pennsylvania law makes clear [that] no court has jurisdiction to hear an

untimely PCRA petition." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079

(Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157,

1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of

the date on which the petitioner's judgment became final, unless one of the

three statutory exceptions applies:

    (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution

- 5 -

> or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).  If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

"A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" *Monaco*, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)). Here, Appellant's judgment of sentence became final in 1991, almost 28 years ago.  Accordingly, Appellant's petition is facially untimely.  *See Derrickson*, 923 A.2d at 468.  As discussed *supra*, this case is controlled by *Murphy*, and thus, Appellant's petition does not satisfy any exception to the PCRA's time-

bar. ***See Murphy***, 180 A.3d at 405-06 (concluding that unless or until our Supreme Court declares that ***Muniz*** satisfies one of the PCRA timeliness exceptions, an appellant cannot rely on ***Muniz*** to circumvent the PCRA time-bar restrictions). Accordingly, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2019